**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juana Isabel Harp,    Plaintiff, vs. Les Zieve, a licensed Arizona Escrow agent; HSBC Bank, USA, N.A., as Trustee on behalf of ACE Securities Corporation Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, a series 2006-ASAP6 Asset backed pass-through certificates c/o Ocwen Loan Servicing, LLC; and Ocwen Loan Servicing, LLC,    Defendants. | No. CV-11-273-PHX-GMS **ORDER** |

Pending before the Court is Plaintiff's Emergency Motion for Protective Order (Doc. 7). The Court will construe the Motion as a Request for a temporary restraining order. Plaintiff requests a restraining order to stop the foreclosure of her home currently scheduled for Friday, February 25, 2011. Plaintiff alleges that she signed a note payable to Universal American Mortgage Company, LLC, but has not received notice that this note has been transferred to Defendants. Plaintiff alleges that she requested of unserved Defendant Les Zieve, apparently the successor trustee on the deed of trust, that he demonstrate he was the holder in due course of the note. She alleges she has received no response. She further alleges that she will be irreparably harmed by the foreclosure of her home.

Federal Rule of Civil Procedure 65 authorizes the Court to issue a preliminary

1 injunction or TRO upon a proper showing. The standard for issuing a TRO is the same as
2 that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. The Mind's Eye*
3 *Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2007). To prevail on a request for a
4 preliminary injunction, a plaintiff must show either "(a) probable success on the merits
5 combined with the possibility of irreparable injury or (b) that [it] has raised serious questions
6 going to the merits, and that the balance of hardships tips sharply in [its] favor." *Bernhardt*
7 *v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). The Ninth Circuit has explained
8 that "these two alternatives represent 'extremes of a single continuum,' rather than two
9 separate tests. Thus, the greater the relative hardship to the moving party, the less probability
10 of success must be shown." *Immigrant Assistant Project of Los Angeles County Fed'n of*
11 *Labor (AFLCIO) v. INS*, 306 F.3d 842, 873 (9th Cir. 2002) (citation omitted).

12 Plaintiff's petition, and her underlying verified complaint allege that the Plaintiff is
13 unsure "whether Defendant/Lender is in possession of the original enforceable promissory
14 note, or whether the Defendant/Lender is a person entitled to enforce the promissory note
15 pursuant to article 3 of the Uniform Commercial Code." Doc. 1-1 at ¶ 8. It further alleges
16 that "Plaintiff has requested in writing for presentation of the original promissory note as
17 proof that Defendants are entitled to enforce the note and the deed of trust. Defendant has
18 not to date produced said note." Id. at ¶ 9.

19 To the extent that Plaintiff is asserting that the Defendants cannot conduct a deed of
20 trust sale without possessing the original promissory note, Plaintiff is simply wrong.
21 *Diessner v. Mortgage Elec. Registration Sys.,* 618 F. Supp.2d. 1184, 1187-88 (D. Ariz. 2009)
22 (quoting *Mansour v. Cal-Western Reconveyance Corp.,* 618 F. Supp. 2d 1178, 1181 (D. Ariz.
23 2009). Moreover, at this point, Plaintiff has offered no authority suggesting that the ability
24 of the trustee to conduct the non-judicial foreclosure is subject to the Uniform Commercial
25 Code's requirements for negotiable instruments. *See, e.g., Rhoads v. Washington Mut. Bank,*
26 *F.A.,* 2010 WL 1408888*3-4 (D. Ariz. 2010). Thus, Plaintiff fails to present any affidavits
27 or other admissible evidence, or even any legal argument that suggests that raises serious
28 questions as to the merits of her underlying claims sufficient to grant injunctive relief. Thus,

1  Plaintiff has failed to demonstrate that injunctive relief is proper.  Therefore,
2      **IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion for Protective Order
3  (Doc. 7) is **denied without prejudice**.
4      DATED this 24th day of February, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge